Agnes Jacobson, Defendant in Error, v. George J. Cooke Company, Plaintiff in Error.

Gen. No. 15,247.

ASSUMPSIT—*when lies for money received for the use of another.* If a party receives money from another for the use of property belonging to a third person, such third person may recover in assumpsit the amount in question.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed on remittitur. Opinion filed July 14, 1910.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

GENTZEL & CRANE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action in the Municipal Court for money had and received by defendant for the use of the plaintiff, plaintiff had judgment for $151.80, to reverse which the defendant prosecutes this writ of error. Plaintiff kept a dram-shop at 285 Noble street, Chicago, up to September 5, 1907. She rented the premises from defendant from month to

month and bought beer of defendant. The defendant agreed with her that it would take out a city dram-shop license for her for the period from April 1 to November 1, 1907, the fee for which was $500. Plaintiff kept a beer book, in which the driver of defendant charged her with the beer delivered to her and gave her credit for the money paid by her. This book was taken to the office of defendant and there balanced at the end of each month. In the beer book for April, 1907, is a charge of $500 against plaintiff for license. This sum she repaid in payments from time to time so that, giving her credit for $12, the price of three barrels beer delivered to her September 4 and 5, which she testified were returned to defendant, she was not indebted to defendant. No dram-shop license for the period from April to November 1, 1907, was delivered to plaintiff by defendant, but she carried on her dram-shop without question on the part of the City of Chicago until September 5, 1907, when she was ejected from the premises, where it was carried on by the purchaser of the premises at foreclosure sale. Julius Kwasigroch, called by plaintiff, testified that he obtained possession of the premises, 285 Noble street, September 5, 1907, and September 20, desiring to conduct a dram-shop therein, went to the office of defendant. He first saw Ryan, who sat at a desk in the office, and asked Ryan if there was any chance for him to buy the use of the unexpired term of the dram-shop license for 285 Noble street. Ryan said that he had better see Mr. Cooke and took him into the office of Cooke, the president of defendant. He asked Cooke what he wanted for the use of the license and Cooke said $154, but finally agreed to take $125, and said that the witness should pay the money to Ryan, and he then paid Ryan $125, but no license was turned over to him. The defendant offered no testimony at the trial.

On the evidence in the record the trial court properly held that the payment of $125 to Ryan was a payment to the defendant.

The defendant ought to have taken out a license in the name of the plaintiff and delivered the license to her, for

the ordinance provides that the license shall be posted in the dram-shop and provides a penalty for the violation of the provision. It does not appear in whose name the license was taken, but it does appear that defendant assumed to have the right to sell the use of the license for the unexpired term, and received therefor the sum of $125. Plaintiff paid defendant for the license, and whatever money it received for the use of the license was money which the defendant, according to the rules of equity and good conscience, ought to pay to the plaintiff. An action will lie for such money, as money received by the defendant to the plaintiff's use. 2 Rob. Prac. 449.

Having received from Kwasigroch $125 for the use of the license for the unexpired term, the defendant cannot be heard to say that it should retain the money because the license was not assignable. But the plaintiff can recover in such an action only the sum which the defendant received. The defendant received $125 and the judgment is for $151.80.

If the defendant in error shall within five days remit from the judgment the sum of $26.80, the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded.

*Judgment affirmed on remittitur of $26.80; otherwise reversed and remanded.*

*Remittitur filed* and judgment affirmed July 18, 1910.